■ In the Matter of the Claim of SAMUEL COLEMAN, Respondent, v. GUIDE-KALKHOFF-BURR, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability resulting from a myocardial infarction found to have been precipitated by the emotional stress of "heated arguments" between claimant, a proofreader, and his foreman, their dispute relating to the responsibility for uncorrected errors in certain proofs. Appellant's medical expert attributed the heart attack to an underlying coronary condition and said that the excitement of the argument described was not sufficiently long or severe to precipitate the attack. Claimant's physician, while assuming a pre-existing coronary arteriosclerosis and an episode of coronary insufficiency four days before and minor recurrences of pain thereafter, found that the emotional stress of the argument precipitated the disabling attack. Claimant testified to two arguments, one shortly after the other, the first lasting about six minutes and the other from four to eight minutes. He said that "by implication", the foreman called him untruthful and not competent at his job, but the actual words which he then quoted seem innocuous enough and certainly not inflammatory. Although claimant said that the foreman "shouted" and "hollered", when asked. "Now, when you say Mr. Sullivan hollered, exactly what do you mean by that? Did he shout; is that what you mean", claimant replied "He raised his voice above the normal speaking tone." One of the coemployees called by claimant said that he "wouldn't say it was shouting", that it "wasn't the normal tone" and that "the voices were raised", and the other said that he was in another room and did not observe the argument. We find in this record no evidence of emotional stress more severe than that which was imposed upon the employee (who also engaged in an argument with his superior as to the performance of the work) in *Matter of Santacroce* v. *40 W. 20th St.* (9 A D 2d 985), in which we said, "Upon this record, however, we are convinced that in the common-sense viewpoint of the average man, accident would be denied and the argument as described by the only witness would be regarded as neither involving nor inducing emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result." (See, also, *Matter of Ehrensal* v. *New York State Div. of Employment*, 2 A D 2d 944.) Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.